## EARL G. BARTON

*v.*

## TIMOTHY MOSHER.

1. PARTIES IN CHANCERY. On bill in equity against an assignee to whom effects were assigned for the benefit of creditors, to have an indebtedness from the assignor set off against a judgment recovered by the assignee against the complainant; the proof showed that the debts against the assignor yet unpaid were inconsiderable in amount, and that there was an abundance of assets in the hands of the assignee to pay them: *Held*, that it was unnecessary to reverse the decree in order that those other creditors might be made parties.

2. COSTS—*chancery.* The award of costs in chancery suits is a matter of discretion with the court below.

APPEAL from the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was a bill in chancery filed by Mosher, the appellee, against appellant, Earl G. Barton, assignee of Daniel N. Barton. The assignment was made for the benefit of creditors. The assignee sold certain personal property to one Cook, for which he gave his note of $500 with the appellee as security. The assignee recovered judgment on this note against appellee for $666.05, there being no service on Cook. Daniel N. Barton was largely indebted to the appellee, and the debt was intended to be secured in the assignment. The bill showed the death of Daniel N. Barton, insolvent, the taking possession of all his effects by Earl G. Barton as assignee, and his insolvency, and prayed to have the indebtedness due complainant set off on the judgment, and for an injunction. The court rendered a final decree on the hearing, making the injunction perpetual as to $574.35 of the judgment, and ordered Mosher to pay the balance of that judgment less the costs of suit.

Messrs. CRAIG & HARVEY and Mr. G. C. LANPHERE, for the appellants.

Messrs. KITCHELL & ARNOLD, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The open accounts on each side in this case were properly disregarded by the court. They were nearly balanced, and the proof in regard to them was unsatisfactory.

Leaving them out of view, we think the amount of the set off, which the court allowed against the judgment, is correct, and that neither party has just ground to complain of its allowance.

The proofs show that the debts of the assignor existing at the time of the assignment, which remain unpaid, are inconsiderable in amount; that there are abundant assets in the hands of the assignee to pay them; and we deem it unnecessary to reverse the decree in order that the creditors to whom these debts are due may be made parties.

The award of costs was discretionary with the court below, and we do not feel called upon to interfere with the exercise of that discretion in this case.

The decree of the court below is affirmed.

*Decree affirmed.*