## Amos W. Walker, Administrator, Appellant, v. Michael Montgomery et al., Appellees.

1. APPEALS AND ERRORS—*when additional evidence properly heard after remandment with direction to enter decree.* After remandment with directions to enter a decree, additional evidence is properly heard if essential to fully and properly carry out such remanding order.

2. APPEALS AND ERRORS—*what questions not considered upon second appeal.* A question which might have been but which was not presented upon one appeal, will not be considered upon a second appeal of the same cause.

3. COSTS—*what action of chancellor will not be disturbed.* The awarding of costs is discretionary with the chancellor and the exercise of such discretion will not be interfered with in the absence of abuse.

Bill in chancery. Appeal from the Circuit Court of Shelby county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the November term, 1909. Affirmed. Opinion filed March 30, 1910. Rehearing denied May 24, 1910.

ALDEN, LATHAM & YOUNG, for appellant.

GEORGE B. RHOADS, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

Upon a former appeal of this cause, the decree of the circuit court dismissing the bill was reversed as to the defendant, T. F. Dove, and the cause remanded with directions to enter a decree in favor of the complainant, in conformity with the views expressed in the opinion of this court, filed April 21, 1908. Walker v. Montgomery, 143 Ill. App. 216. We then held that T. F. Dove was not a purchaser in good faith from Montgomery, but took title to the farm with notice of the purpose and intent on the part of Montgomery to defeat Walker in the collection of his debt, and that he, Dove, "should therefore be held to account to appellant for the sum remaining after deducting from the amount received by Dove upon the sale to Buoy the $2,000 Dove paid for the land, added to the amount due on the $4,500 mortgage when he accepted the deed from Montgomery, and the taxes unpaid on the land when such deed was made, so far as the same should be required to pay appellant's judgment and costs." As to all the other appellees the decree of the circuit court was affirmed. From such decree Dove prosecuted an appeal to the Supreme Court, where, on October 26, 1908, the judgment of this court was affirmed. Walker v. Montgomery, 236 Ill. 244. At the November term, 1908, of the circuit court, when the case was redocketed, the death of T. F. Dove was suggested and the complainant filed an amended and supplemental bill, making the executors of the will of Dove parties defendant. Said executors then, over the objection of appellant, submitted further evidence. No evidence was offered by appellant further than to show that on May 1, 1907, he had received from the trustee in bankruptcy of Edwards the sum of $586.16 on account of his judgment against Montgomery and Edwards. Upon the evidence so introduced by the parties, the chancellor held that inasmuch as both this and the Supreme Court had theretofore found that Dove had received $9,000, from Buoy, for the Montgomery farm, he was precluded from considering any ad-

ditional evidence bearing upon that point, and ·held that appellee should account for the said sum of $9,000 less the following deductions: Amount paid by Dove to Montgomery, $2,000; mortgage on the land $4,500; interest on such mortgage $218.56; taxes for the year 1900, $40.78; leaving a balance of $2,240.66, for which amount the court entered a decree in appellant's favor and against the estate of Dove, and directed that the costs incurred in the circuit court should be paid equally by appellees as executors, and appellant. The chancellor further held that the estate of Dove could not be charged with interest on the fund fraudulently obtained by him upon the sale of the farm to Buoy from February 27, 1901, to the date of the decree. The result of such decree was to leave a balance of $979.32 still due appellant upon his judgments.

The grounds relied upon for reversal of the decree are:

First: That the circuit court should not· have received further evidence after the case was redocketed on the mandate from this court, but should have proceeded to state the account from the record then before the court, as directed by this court. Inasmuch as the record upon the former appeal did not disclose the amount due as interest upon the mortgage, nor the taxes for the year 1900, which items were manifestly essential in a proper accounting under the remanding order, the chancellor did not err in hearing evidence to ascertain and determine such facts. Such of the evidence taken as did not pertain thereto was disregarded by the chancellor and appellant was not prejudiced thereby.

Second: That the estate of T. F. Dove should have been charged with interest on the balance found to be in his hands, at the rate of five per cent per annum, from February 27, 1901, to September 3, 1909. We are not called upon to determine this question, for the reason that it was not raised nor in any way called to the attention of the court upon the former appeal. Furthermore, if the remanding order then entered was not sufficiently specific in this respect, appellant should have presented the question to the Supreme Court by the assignment of cross-errors.

Third: That the estate of T. F. Dove should not have been credited with the item of $218.56 interest upon the mortgage, and $40,78 taxes for the year 1900. The interest was an incident to the mortgage indebtedness, and the remanding order expressly provided for the allowance of the taxes in question.

Fourth: That the decree should have provided for full payment and satisfaction of appellant's judgments, together with interest thereon, and costs. It is contended that the effect of the mandate of this court upon the former appeal, wherein it is said that "Dove should be held to account to appellant for the balance remaining in his hands so far as the same should be required to pay appellant's judgments and costs," was to require him to pay in full the judgments, the accrued interest thereon and costs, and that the present decree should have so provided. We do not think the language used is capable of such construction, which would require that appellees should pay appellant's claim in full without regard to the amount for which their testator was bound to account. What was meant thereby was that if it developed that the sum to be accounted for by Dove equaled or exceeded the amount of appellant's claim, he would be required to pay such claim in full, but no more.

Fifth: That the entire costs in the circuit court should have been taxed against the estate of T. F. Dove, except such as were actually incurred by those defendants who ultimately prevailed in this court. The awarding of costs was discretionary with the chancellor (Rev. Stat. 1908, 583; Scott v. Beach, 172 Ill. 273; Barton v. Mosher, 62 Ill. 237), and we cannot say that such discretion was abused. While a portion of the costs accrued by reason of the controversy between appellee and other grantees of and purchasers from Montgomery, the evidence of such transactions was competent as tending to show a fraudulent design on the part of Montgomery and knowledge thereof on the part of Dove.

We shall not discuss the cross-errors further than to say that we do not think the same are well assigned.

The decree of the circuit court is affirmed.

*Affirmed.*