# F. M. Cabiness, Appellant, v. Texas Tie and Lumber Pre= serving Company, Appellee.

## Gen. No. 16,475.

1. COSTS—*propriety of taxation for expenses of taking depositions of non-resident witnesses in chancery.* Held, that section 37 of the Evidence Act applied and justified the taxation complained of.

2. COSTS—*when taxation or apportionment in chancery not disturbed.* The discretion of the chancellor in taxing or apportioning costs will not be interfered with by the reviewing court if such discretion be exercised according to equitable principles, and is supported by the evidence in the case.

Bill in chancery. Appeal from the Superior Court of Cook county; the HON. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed March 30, 1912.

GEORGE E. WISSLER and CHARLES C. SPENCER, for appellant.

SCOTT, BANCROFT & STEPHENS, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

In an original suit in chancery the decree of the Superior Court provided that the bill should be dismissed at complainant's costs. The clerk of said court in making up the bill of costs in said cause taxed against F. M. Cabiness, the complainant therein, the sum of $93.30 commissioners' fees for taking depositions of the defendant's witnesses before notaries in the states of Texas and Tennessee. The complainant made a motion to retax the costs, and the court allowed the defendant forty-seven dollars for commissioners' fees in taking the depositions, and ordered the same taxed against the complainant in that suit. The complainant, Cabinees, has appealed from said order.

The evidence before the court upon the motion to retax costs was, in substance, that the total number of words in the depositions taken was 31,350; and that appellee paid the said notaries for taking said depositions the sum of $93.30.

Appellant's objections to the allowance of said costs against him are, (1) that there is no provision of law in this state for the taxing as costs the expenses of taking depositions outside of Illinois; and (2) that the amount allowed by the court is grossly excessive.

The statute provides that whenever a party to a suit requires the examination of witnesses attending before any commissioner, judge, justice of the peace, clerk or other person authorized to take depositions, as provided by the statute, such party shall pay the expenses thereof, but may, if successful in the suit, be allowed for the same in the taxation for costs. Sec. 37 of Chap. 51, Hurd's Rev. Statutes of 1909. The foregoing section undoubtedly applies to the expenses of taking depositions of non-resident witnesses in a chancery case as provided in Sections 26 and 28 of said Chapter 51.

"Upon the complainant dismissing his bill in equity, or the defendant dismissing the same for want of prosecution, the defendant shall recover against the complainant full costs; and in all other cases in chancery, not otherwise directed by law, it shall be in the discretion of the court to award costs or not." Sec. 18 of Chap. 33, Hurd's Stat. of 1909.

The discretion of the chancellor in taxing or apportioning costs will not be interfered with by the reviewing court, if such discretion be exercised according to equitable principles, and is supported by the evidence in the case. Scott v. Beach, 172 Ill. 273; Highley v. Deane, 168 Ill. 266.

The amounts allowed for the taking of the depositions appear to be reasonable, at any rate they are certainly not shown to be unreasonable. As they were

proper items of costs, the order and decree of the court is affirmed.

*Decree affirmed.*