MARTIN S. FROEMKE, Appellee, *vs.* GOTTFRIED S. MARKS, Appellant.

*Opinion filed June 18, 1913.*

1. TRUSTS—*resulting trust arises where one man's money pays for land but title is taken in another's name.* If the fact exists that one man's money paid for land but the title was taken in the name of another a resulting trust arises in favor of the one who furnished the money, and it is immaterial which one made the purchase or whether the purchase was made by one without the knowledge of the other.

2. SAME—*the Statute of Frauds has no application to resulting trusts.* The Statute of Frauds has no application to resulting trusts, as section 9 of such statute expressly provides that they need not be in writing and may be proved by parol evidence.

3. APPEALS AND ERRORS—*when question cannot be considered.* The question whether a conveyance of the legal title to real estate to a third person was made to defraud the creditors of the person who furnished the money cannot be considered where it does not appear that such question was presented, neither the decree nor the pleadings having been abstracted.

APPEAL from the Superior Court of Cook county; the Hon. M. L. McKinley, Judge, presiding.

DONALD GROVER, for appellant.

B. M. SHAFFNER, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from a decree requiring the appellant to convey to the appellee certain real estate in the city of Chicago.

Neither the pleadings nor the decree have been abstracted and we have before us only the evidence, from which it appears that the premises in question were purchased and the consideration therefor paid by the appellee but at his request the title was conveyed to the appellant, who was the father-in-law of the appellee's brother, and

who claims not to have known of the conveyance to him until some time after it was made. Under these circumstances a resulting trust arose in favor of the appellee. A trust results from the fact that one man's money has been invested in land and the title taken in the name of another. It is immaterial whether the purchase was made by the one or the other, and it may have been made by either without the knowledge of the other. If the fact exists that one man's money paid for the land and the title was taken in another, a trust is raised in favor of the person whose money was used to purchase the land. *Bruce* v. *Roney,* 18 Ill. 67; *Emmons* v. *Moore,* 85 id. 304; *Brennaman* v. *Schell,* 212 id. 356.

It appears that at the hearing a motion was made to file an amended answer. The nature of the amendment does not appear, but it is stated in the brief that it sought to set up the Statute of Frauds. It was not error to deny the motion, for the Statute of Frauds has no application to resulting trusts, but expressly provides, in section 9, "that resulting trusts or trusts created by construction, implication or operation of law, need not be in writing, and the same may be proved by parol."

It is also argued that the appellee caused the property to be conveyed to the appellant to defraud his creditors and to defeat a claim of his wife for alimony. Since the abstract does not show what issues were made by the pleadings it does not appear that this question was presented by them. It is not claimed in the briefs that it was so presented and the record shows that it was not. It could not, therefore, be considered by the court. *Dorman* v. *Dorman,* 187 Ill. 154.

It is contended that the proof shows that the title was held by the appellant as security for the performance of the terms of a lease of certain property of the appellant's wife of which the appellee was a tenant, but the court

found to the contrary, and we regard that finding as according to the evidence.

Complaint is also made of the action of the court in receiving oral evidence of the complainant's ownership of real estate. This evidence was in regard to certain premises on Forty-seventh street which were conveyed in exchange for the property here in controversy and constituted a part of the consideration of the conveyance to the appellant. Appellee's title to these premises was immaterial and the appellant was not prejudiced by the ruling.

*Decree affirmed.*