## Louis Bregman, Appellee, v. Oscar J. Friedman, Appellant.

## Gen. No. 31,546.

1. SALES—*inability to purchase as admitting proof of waiver of tender.* In action to recover on defendant's agreement to repurchase stock bought of him, a showing that defendant put off plaintiff's repeated efforts to secure repurchase by stating he was unable to do so at the time but would later, would admit proof either of defendant's waiver of tender of the stock or that defendant's attitude excused such tender.

2. SALES—*inability to purchase as excusing seller's tender.* In an action to recover on defendant's agreement to repurchase stock bought of him, the defendant's repeated recognition of his duty to repurchase and at the same time his professed inability to do so made tender of the stock a useless act and excused plaintiff from making it before demanding the price of the stock.

3. SALES—*inability to purchase equivalent to refusal.* In an action to recover on defendant's agreement to repurchase stock bought of him, the defendant's manifestation of his inability to repurchase put him in the same position as a refusal to perform or a leading of the plaintiff not to tender, shows he himself is not ready, able and willing to perform, and excuses plaintiff from making tender of the stock before demanding the purchase price.

4. SALES—*definition of tender.* In an action to recover on defendant's agreement to repurchase stock bought of him, a ''tender'' of the stock to defendant means the plaintiff was ready and willing to hand over the stock provided the defendant was ready and willing to pay for it.

5. SALES—*necessity of proving ability to tender at demand for purchase.* In an action to recover on defendant's agreement to repurchase stock bought of him, if plaintiff was required to prove his ability and willingness to tender the stock, he was bound to prove his said ability existed at the times he was seeking to put defendant in default by demanding repurchase of the stock.

6. SALES—*necessity of traversing ability to tender.* in an action to recover on defendant's agreement to repurchase stock bought of him, defendant's failure to traverse the sufficiency of the statement of claim in respect to plaintiff's readiness and implied ability to return the stock at the time he made demand for repurchase forbids defendant's raising the question of failure of proof thereon.

7. Apeal and error—*traversing material facts of statement of claim in municipal court.* In absence from the record on appeal of any different rule of the municipal court of Chicago, the general rule of pleading that in order to raise failure of proof on a traversable fact in the statement of claim defendant must duly traverse it, will control.

Appeal by defendant from the Municipal Court of Chicago; the Hon. Edgar A. Jonas, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1926. Affirmed. Opinion filed October 4, 1927.

Herbert J. Friedman, for appellant; Claude A. Roth, of counsel.

West & Eckhart, for appellee; William M. Klein and William L. Bourland, of counsel.

Mr. Presiding Justice Barnes delivered the opinion of the court.

On the trial of this case without a jury both parties rested at the close of plaintiff's evidence, and defendant then moved for a finding that the evidence was insufficient in law to support the cause of action. This appeal is from the denial of the motion and entry of judgment for plaintiff.

On July 21, 1919, plaintiff purchased from defendant 20 shares of stock in the Anthracite Coal Company for $1,000 cash, and on the same day defendant gave plaintiff a written promise "that if within one (1) year after date you care to sell the same [stock in question] to me at the price you paid for it, I will gladly take it off your hands." That this constituted a legal promise is not questioned.

In a letter to defendant May 14, 1920, referring to the transaction and to said written promise, plaintiff notified defendant that he did not want the stock and wanted plaintiff to return the $1,000, and asked for defendant's check "as soon as possible."

Both before and after May 14, 1920, plaintiff also verbally notified and requested defendant to repurchase said stock and in response defendant said that he did not have the money with which to repurchase it, but as soon as he could obtain the money he would repurchase the same.

Neither the allegations nor proof of these facts is questioned. The statement of claim contains the further allegation that at all times since May 14, 1920, defendant has failed and refused to repurchase said stock or to pay plaintiff said sum, and that plaintiff is and at all times has been ready to deliver to defendant the certificate for said stock, and that defendant has waived any necessity for any tender thereof.

Defendant's affidavit of merits denied repudiation of the contract or refusal to repurchase the stock, and avers that defendant had always kept the contract alive and stood ready, willing and able to perform and carry out its terms had plaintiff tendered the stock for repurchase, but that plaintiff never made any tender thereof or offered to return the same. It did not, however, deny or take issue on plaintiff's readiness and ability to perform.

Defendant's argument for reversal is based on the absence of any proof of a refusal by defendant to repurchase the stock, or of a tender thereof, or express offer to return the same, and upon the failure of plaintiff to prove that he was ready, willing and able to perform his part of the contract at the time or times he seeks to put defendant in default.

While plaintiff charged but did not prove an express refusal by defendant to comply with his contract, he did not rely on an express refusal but on defendant's professed inability to perform as manifested in his repeated replies to plaintiff's requests for payment, in substantially these words: "You shall have your money as soon as I get it; I am hard up; I can't give

it to you now; the first money I get you shall have it.''
Upon such statements plaintiff claims he was excused
from the necessity of a formal tender, and that defend-
ant's position was tantamount to a waiver thereof.

Whether the facts so pleaded and proven show
waiver of tender or a position taken by defendant that
excused it, is of little consequence as proof of either
would be admissible under the statement of claim and
support the cause of action.

Defendant can hardly question the import and
natural consequences of his own undisputed words.
They recognize his obligation and import his inability
to perform the same at the time of such requests.  So
long as defendant maintained the position of asserting
and thus manifesting inability as an excuse for non-
performance, a formal tender was a useless act, ''a
vain and idle ceremony,'' and would be excused.  (13
C. J. pp. 663–664.)   A tender would obviously have
produced no different result, and the law does not
compel the doing of a useless act.  (*Shultz v. Hamilton,*
223 Ill. App. 64–70; *Osgood v. Skinner,* 211 Ill. 229–
234; *Kopeyka v. Woodstrom,* 305 Ill. 69–72.)

Nor, on a principle of fundamental justice, could
defendant take advantage of the failure of a formal
tender his language would naturally induce plaintiff
not to make (2 Williston on Contracts [1920], § 677,
p. 1305); and ''a manifestation of inability to perform
has the same effect'' as where the promisor leads the
promisee to stop performance or where there is a
refusal to perform.   (Id. sec. 767, pp. 1463–1464.)
He certainly could not have expected plaintiff to de-
liver over the stock without being paid therefor, as
they were to be concurrent acts, or that plaintiff
accepting his replies would undertake the useless act
of tender.  Nor can his language be construed as tend-
ing to show his own ability, readiness and willingness
to perform had a tender been made.   It put him in

the unequivocal position of being unable to perform his part of the contract and as dispensing with the necessity of tender.

Defendant has cited certain language in *Osgood v. Skinner, supra,* to the effect that the defendant in that case could not be put in default by plaintiff's merely proving he was ready and willing to transfer to defendant the stock the latter agreed to purchase. We do not think what was there said militates against what we have said with respect to the non-necessity of making a tender under the circumstances of this case. The language of the court was appropriate to the particular facts of that case, where there was an actual offer made and its sufficiency questioned. But the court said that "an actual tender is unnecessary where the seller is ready, able and willing to perform on his part and the tender would be a mere useless form." It also said in *Manistee Lumber Co. v. Union Nat. Bank of Chicago,* 143 Ill. 490: "The word 'tender' as applied to the case of mutual and concurrent promises means readiness and willingness to perform, provided the other party is ready and willing to perform."

But it is urged that plaintiff did not prove that he was able, ready and willing to perform his part of the contract at the time he seeks to put defendant in default. After the court overruled defendant's objection to a question as to whether plaintiff had been at all times ready to return the certificate of stock if defendant had paid him the $1,000, his counsel, instead of requiring an answer to the question, put another as follows: "You *are* willing to return this certificate for 20 shares of stock to him if he returns to you the $1,000, are you?" To which defendant answered: "Yes, sir; I made that demand on him several times." It can hardly be said that this answer constituted proof of plaintiff's ability to deliver the stock at the time or times he requested payment for it. The mere fact

that he had it and introduced it in evidence at the time of the trial is not inconsistent with his not having it or not being able to produce it at the time he made such requests. If plaintiff was bound to prove his ability and readiness to perform it should have been shown as of the time or times during said period of one year aforesaid that he sought to put defendant in default.

But defendant did not deny plaintiff's averment of readiness to perform or question the sufficiency of the statement of claim in that regard. His pleading, aside from denying repudiation of his contract, merely asserts his own readiness to perform and plaintiff's failure to tender performance. Plaintiff's averment of readiness and implied ability presented a traversable fact, and not having been traversed, or even questioned at the trial, under a well-settled rule of pleading it was admitted, and defendant is in no position to raise the question of a failure of proof on that subject. (*Capital City Mut. Fire Ins. Co. v. Detwiler*, 23 Ill. App. 656, 659; 7 Bac. Abr., Tit. Pl. H. 4; *Hudson v. Jones*, 1 Salk 91; Gould on Pl. secs. 167, 168, ch. 3.) In the absence from the record of a different rule, if any, of the municipal court, these general rules of pleading control.

On the state of the record, therefore, the judgment must be affirmed. Formal tender was excused and defendant did not traverse the averment that plaintiff was ready, and impliedly able, to carry out performance on his part, to do which he unquestionably indicated his willingness.

*Affirmed.*

GRIDLEY and WELLS, JJ., concur.