(No. 25687.

CLARA M. FRASIER, Appellant, *vs.* JANE FINLAY *et al.*
Appellees.

*Opinion filed December 12, 1940.*

H. M. PHIPPS, for appellant.

LOESCH, SCOFIELD, LOESCH & BURKE, (WILLIAM A.
REDMOND, and JOHN KNOX, of counsel,) for appellee
Albert J. Crowe.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

The appellant, Clara M. Frasier, filed a complaint in equity in the circuit court of Cook county against defendants Jane Finlay, Leo Schultz, Albert J. Crowe and John O. Wagner to establish a resulting trust. Defendants filed motions to dismiss which were sustained, and from this decree the plaintiff has appealed to this court.

The complaint lacks clarity and contains much redundant material, but out of the matters well pleaded and admitted by the motions to dismiss the following appears: In 1927, the plaintiff was the owner of certain real estate in Cook county and in May, 1930, executed a trust deed to secure a loan of $5000 made by the New York Life Insurance Company; in 1935, the insurance company instituted foreclosure proceedings and on December 6, 1935, became the purchaser at the master's sale for the sum of $8616. The complaint further alleges that the defendant, Albert J. Crowe, represented that if plaintiff would execute a judgment note in the sum of $500 payable to him he would cause a judgment to be confessed, and as such creditor he would be enabled to redeem from the foreclosure sale; that if this was done, as such creditor he would advance the sum of $5000 if plaintiff, or her husband for her, would advance the sum of $3616; that such note was executed and judgment confessed and redemption made, and the premises sold to said Albert J. Crowe for the sum of $8217.36, and that he received a deed for said premises on March 31, 1937; that of the amount of money paid to effect redemption Crowe advanced $5000 and Darrel L. Frasier, for the use and benefit of the plaintiff, the sum of $3616; that Crowe agreed that after he had secured a deed for the premises he would then secure a loan for such an amount as was available and deduct the sum of $5000 and convey the equity to the plaintiff; that after he had secured the deed he did, in fact, mortgage said premises for the sum of $6500 but failed and

refused, after reimbursing himself, to turn the balance to plaintiff or her husband, and failed and refused to have the title conveyed to plaintiff, or to make an accounting to her, and not only retained the title but retained the sum of $3616 advanced to him to aid in making redemption.

The complaint further alleges that for the purpose of preventing plaintiff from compelling the conveyance to her of the property in question Crowe caused conveyances of said property to be made to fictitious third persons, viz., Finlay and Schultz, and that no such alleged grantees, in fact, exist, and that through forcible entry and detainer proceedings the plaintiff has been deprived of possession of said premises, said proceedings being brought in the name of a fictitious person, who was in fact Albert J. Crowe himself, and that possession is now held by appellee John O. Wagner. The complaint also contains certain allegations with respect to damage to plaintiff's personal property, and contains a list of interrogatories propounded to each of the defendants. The purport of the matter, well pleaded, is that a trust resulted in favor of the plaintiff, and that she is entitled to relief in equity as against all defendants because they acquired such interest as they may claim with full knowledge of appellant's rights therein.

This court has jurisdiction to entertain a direct appeal to enforce a resulting trust in real estate. (*Lehmann* v. *Rothbarth,* 111 Ill. 185; *Hickey* v. *Hickey,* 371 id. 476.) We have not received much aid from the briefs of either counsel in the case. The principal grounds for dismissal are that the plaintiff does not come into court with clean hands, and that the transaction is void under the Statute of Frauds. The Statute of Frauds does not apply to a case of this kind. Section 9 of the Statute of Frauds expressly excepts from its scope constructive or resulting trusts. The rule is that if real estate is purchased with the funds of one person and the title is to be taken in the name of another person that the title will be held subject to resulting trust in

favor of the party furnishing the money. ( 3 Scott on Trusts (1939 ed.) p. 2238; *Froemke* v. *Marks,* 259 Ill. 146; *Downs* v. *Mooney,* 339 id. 606; *Mercury Club* v. *Keillen,* 323 id. 24.) It is also well settled that if two or more persons, each of whom furnishes a part of the consideration, causes real estate to be purchased in the name of one, a resulting trust will arise *pro tanto* in favor of the other party furnishing a part of the consideration. *Towle* v. *Wadsworth,* 147 Ill. 80; *Smith* v. *Smith,* 85 id. 189; *Hinshaw* v. *Russell,* 280 id. 235.

It is argued that the complaint is indefinite and not specific, but section 42 of the Civil Practice act (Ill. Rev. Stat. 1939, chap. 110, par. 166) provides in such case the court may order a fuller and more particular statement, and that no pleading shall be deemed bad in substance which shall contain such information as reasonably informs the opposite party of the nature of the claim or the defense, and section 33 of the act further provides that pleadings shall be liberally construed with a view to doing substantial justice between the parties. We believe the complaint may be reasonably construed as alleging that the $5000 so advanced by the defendant Crowe was in the nature of a loan to be secured by real estate. In such case a resulting trust would arise in favor of the plaintiff in the whole of the real estate purchased, subject to the defendant's right to hold the title as security for the repayment of the amount advanced. ( 3 Scott on Trusts, (1939 ed.) sec. 448; *Towle* v. *Wadsworth, supra; Scott* v. *Beach,* 172 Ill. 273.) The complaint also discloses the plaintiff was in possession of the premises during all the time involved in the transactions complained of. The rule is well established that possession of real estate is notice to all persons of all of the occupant's rights therein, which could be ascertained on inquiry. (*White* v. *White,* 89 Ill. 460; *Ronan* v. *Blum,* 173 id. 277; *Nelson* v. *Joshel,* 305 id. 420; *Bullard* v. *Turner,* 357 id. 279.) Thus, in any event, the appellee Crowe and his

grantees, fictitious or otherwise, were put upon notice of the plaintiff's rights.

We have carefully examined the authorities relied upon by the appellees and find none of them in point. The case of *Stevenson* v. *Thompson,* 13 Ill. 186, was one in which the purchaser of property advanced all of the money on his own account and merely made a verbal contract to sell the land to the party attempting to establish the trust. The same is true of *Magnusson* v. *Johnson,* 73 Ill. 156, *Wilson* v. *McDowell,* 78 id. 514, and *Markham* v. *Katzenstein,* 209 id. 607. The case of *Braidwood* v. *Charles,* 327 Ill. 500, was one involving a voluntary conveyance by the plaintiff to defendant upon an oral trust, which is not the situation here.

From the allegations of the complaint it appears that the defendant has not only been entirely reimbursed for the money advanced by him, but still holds title to the property as well as retaining some $3616 of money advanced for the benefit of the plaintiff. Under such circumstances as these the plaintiff is excused from making a direct allegation of her willingness to do equity, as the defendant has in his hands more than sufficient to reimburse him from liability upon the mortgage. The objection that plaintiff comes into court with unclean hands does not appear from facts admitted by the motions. No authorities are cited to establish that a note given in consideration of furnishing money to effect redemption is illegal or inequitable. There are some matters in the complaint which could well be omitted as having no relevancy to the case, and upon proper application to the court this may be remedied.

The plaintiff was entitled to have her day in court upon the substance of the matters alleged in the complaint, and the decree is therefore reversed and the cause remanded, with directions to the circuit court to proceed in a manner not inconsistent with the views expressed herein.

*Reversed and remanded.*