EBENEZER E. ABBOTT *vs.* JOHN B DEXTER & another.

If a submission to arbitration, entered into before a justice of the peace, under Rev. Sts. *c.* 114, by two partners on the one part, is signed by both, but acknowledged by only one of them, the arbitrator has no jurisdiction, and an award under such submission cannot be enforced against either.

THIS was an award of arbitrators, made and returned to the court of common pleas, on a submission by the parties under the provisions of the Rev. Sts. *c.* 114. The submission was dated March 13th, 1850, and was signed by the plaintiff and by John B. Dexter and Richard Dexter, the parties of the other part, they being partners in business, under the name of J. B. & R. Dexter, and was acknowledged by the plaintiff, and by John B. Dexter, but was not acknowledged by Richard Dexter. The parties were heard before the arbitrators, who made their award, which was duly returned to the court of common pleas. That court refused to accept the award, but rejected it, on the ground that the submission was not acknowledged by Richard Dexter.

To this ruling the plaintiff excepted.

*J. Mason*, for the plaintiff.

1. The provision of the Rev. Sts. *c.* 114, § 2, that " the parties " shall acknowledge the submission, means only that it must be acknowledged by both sides, and does not require the acknowledgment of all the individuals on each side. One partner may act for the whole in this matter. If all must acknowledge, great embarrassment would ensue, where some are absent, or resident in a foreign country. One partner may commence actions, or compromise debts ; and one ought there-

fore to be authorized to submit a demand to arbitration. And see *Skillings* v. *Coolidge*, 14 Mass. 43.

2. But even if the forms of the statute were not strictly followed, the defendants have waived the objection by appearing and proceeding before the arbitrators. This was a ratification, like the adoption by one partner of the act under seal of another, not binding of itself.

3. This was at least a good submission by John B. Dexter, and the plaintiff is entitled 'to judgment against him ; as in the case of joint defendants, where, on a discontinuance against one, judgment may go against the other. See *Tappan* v. *Bruen*, 5 Mass. 193 ; *Call* v. *Hagger*, 8 Mass. 423. This view is corroborated by the cases in which the unauthorized acts of one partner have been held to bind him personally; *McBride* v. *Hagan*, 1 Wend. 326 ; *Buchanan* v. *Curry*, 19 Johns. 137 ; *Strangford* v. *Green*, 2 Mod. 227; *Mackay* v. *Bloodgood*, 9 Johns. 285; *Cady* v. *Shepherd*, 11 Pick. 400.

4. In the analogous case of the acknowledgment of a deed, under the *St.* 1783, *c.* 37, § 4, requiring it to be acknowledged by the " grantor or grantors," the acknowledgment of one was held sufficient. *Pidge* v. *Tyler*, 4 Mass. 541 ; *Shaw* v. *Poor*, 6 Pick. 86.

*E. Washburn*, for the defendants.

Fletcher, J. The question now is whether the exception taken by the plaintiff to the ruling of the court of common pleas can be sustained. This depends wholly upon the terms of the Rev. Sts. *c.* 114, §§ 1 and 2. The first section defines the class or kind of controversies, which may be submitted. The second section defines the mode or form of submission, and provides that the parties shall appear in person, or by their lawful agents or attorneys, before some justice of the peace, and shall there sign and acknowledge an agreement to refer. The jurisdiction of the arbitrators, to make an award, upon which a judgment of court can be rendered, depends entirely upon the statute. It is a special jurisdiction, created entirely by the statute, and can be sustained only by a compliance with the statute.

The case finds, that Ebenezer E. Abbott was a party of one

part, and John B. Dexter and Richard Dexter were the parties of the other part, and that the submission was signed by all of them in their respective names, and was acknowledged by Abbott and John B. Dexter, each for himself only, but was not acknowledged by Richard Dexter. Now Richard Dexter was a party, and the award was against him with John B.; and the award, if accepted, must have its effect against him as much as against John B.

But Richard did not acknowledge the submission, as is expressly required by the statute, and acknowledgment is just as material as signing. The signing may be dispensed with as well as acknowledging, and if one may be dispensed with, both may be dispensed with; but the law is express and imperative, and neither can be dispensed with. The acknowledgment of deeds rests upon a different principle, and is required for a different object, and the decisions on that subject furnish no rule for the present case. The statute, therefore, not having been complied with, the arbitrators; had no jurisdiction as to Richard, and as the award is against him · with John B., it cannot be enforced against either. In the case of *Skillings* v. *Coolidge*, 14 Mass. 43, one partner signed the claim for himself and the other partner; the parties were not described as partners in the submission. In this case, if John B. had acknowledged for Richard, that would have presented a different case. It might have been good, or it might have been ratified by the acts of Richard afterwards. But John B. acted wholly for himself, did not claim or profess to act in any way for Richard, but simply and solely for himself. There was therefore no substitute for an acknowledgment by Richard.

There was nothing here, therefore, that the conduct of Richard, in going before the arbitrators, and taking a part in the hearing, could ratify, but the jurisdiction of the arbitrators; but he could not, by any acts of his, ratify or make good the jurisdiction of the arbitrators, if the requisitions of the statute were not complied with. It cannot be taken as a submission of John B. alone; that is wholly contrary to the submission, and to the award and all the proceedings in the case. John B. did not agree to submit by himself alone. To charge John B.

alone, upon an award against both, would be justified upon no principle.

The truth is, it was an imperfect and defective proceeding; the submission was not made according to law; the arbitra-tors therefore had no jurisdiction, and so the award cannot be sustained against either defendant. However hardly it may operate upon the plaintiff, to have the objection made at this stage of the proceeding, there is clearly an omission; and that omission cannot be remedied by any just construction or proper administration of the law.

The exceptions are overruled, the judgment of the court of common pleas rejecting the award affirmed, and the case dis-missed.