## Katharine McDonald

*v.*

## Anna Carr *et al.*

*Filed at Ottawa May 8, 1894.*

1. RESULTING TRUST—*when it arises.* As a general rule, where real property is purchased and paid for by one person and the legal title is taken in the name of another person, the parties being strangers to each other,—that is, not a wife or child, or person standing in that relation,—a resulting trust immediately arises from the transaction, and the person to whom the land is conveyed will hold it in trust for the one who paid the purchase money.

2. A purchased a tract of land in her own name, and paid the purchase money from her own funds. The contract for a deed provided that the vendor should convey to her, but when the last payment was made, at the request of A the deed was made to B. A and B had before that time married, but B then had a wife living from whom he had no divorce : *Held,* that A and B were strangers to each other, their marriage being void, and a resulting trust arose in favor of A, and that B took the legal title in trust for A.

APPEAL from the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

This was a bill for partition, brought by Anna Carr, against Katharine McDonald and others, to divide a certain lot in Young and Clarkson's subdivision of a certain forty-acre tract of land in Cook county.

There is no substantial controversy in this case in regard to the facts. Michael Carr was married, in 1847, to one Hannah Rafferty, and the two resided together until about the year 1866, when Carr deserted his wife in the State of Wisconsin, and in 1868 Carr was married in Fall River, Mass., to Katharine McDonald. The parties moved to Chicago, and resided there, under the name of McDonald, until 1888, when Michael Carr died. Michael Carr had several children by his first wife, Anna Carr, the complainant, being one. Katharine

McDonald had two children by Michael Carr, who are parties to this proceeding, by the names of Edward McDonald and Katie McDonald. On the 31st day of August, 1886, the appellant entered into an agreement, in writing and under seal, with James T. Young and Michael Clarkson, for the conveyance by them to her of lot 11, in block 1, in Young and Clarkson's subdivision, situate in what was then the town of Lake, in Cook county, for the price of $450, of which sum $300 was paid by her, in cash, upon the signing and delivery of the articles of agreement, and the balance, with interest, was, by the terms of the written contract, to be paid in one year from that date, and upon her performance of her covenants Young and Clarkson were to convey to her by deed. Before the expiration of one year the appellant paid the balance due under the contract, and at the time of making the payment she directed Young, one of the sellers, to make the deed to Michael Carr, under the name of Michael McDonald, instead of to herself, which was done.

The children of Michael Carr, by his wife, Hannah, claim title as heirs-at-law, and Anna Carr, one of said children, filed this her bill for partition, praying, also, that all questions of title be adjudicated, etc., and made appellant and her two children, and all the other children of Michael Carr, deceased, defendants. The appellant answered the bill and filed a cross-bill, claiming a resulting trust in her favor, based on the facts attending the purchase of the lot by her. The court, on the hearing, on the pleadings and evidence, entered a decree dismissing the cross-bill, and decreed in favor of the complainant in the original bill, as prayed therein. To reverse the decree Katharine McDonald appealed.

Mr. Robert B. Kendall, for the appellant:

The payment of the purchase money by the appellant, unqualified by any other circumstance, immediately, by presumption, raised a trust in her favor, resulting from the fact

of such purchase and payment, and the burden of rebutting such presumption devolved upon the heirs of the grantee. Pomeroy's Eq. Jur. sec. 155; Perry on Trusts, sec. 139; 3 Blackstone's Com. 330; *Harris* v. *McIntyre*, 118 Ill. 275; *Donlin* v. *Bradley*, 119 id. 412; *Reed* v. *Reed*, 135 id. 482; *Cook* v. *Patrick*, id. 499; *Champlin* v. *Champlin*, 136 id. 309; *Stevenson* v. *McClintock*, 141 id. 604.

The only exception to the presumption in favor of the person paying the purchase money arises where the real purchaser is under a legal, or, in some cases, a moral, obligation to maintain the person in whose name the title is taken, in which case the presumption is changed in favor of the grantee, and no trust results. Pomeroy's Eq. Jur. sec. 1039, and cases cited; Perry on Trusts, sec. 143, *et seq.*

The fact of payment of the purchase money, or of its ownership and payment in behalf of the owner, may always be shown by parol, notwithstanding the recital in the deed of payment by the grantee. *Boyd* v. *McLean*, 1 Johns. Ch. 582; *Perkins* v. *Nichols*, 11 Allen, 542; *Kelley* v. *Hill*, 59 Mo. 470; *Lloyd* v. *Carter*, 17 Pa. St. 216; *Byers* v. *Wackman*, 16 Ohio St. 440; *Kane* v. *O'Conners*, 78 Va. 76; *Guthrie* v. *Gardner*, 19 Wend. 414; *Runnels* v. *Jackson*, 1 How. (Miss.) 358.

Such evidence does not contradict the statement of the deed that the grantee paid the money, but shows the further fact that the money did not belong to him, but to the person claiming the trust. *Pritchard* v. *Brown*, 4 N. H. 397; Browne on Statute of Frauds, sec. 93.

Such facts may be proved by parol after the death of the grantee. Perry on Trusts, 138; Browne on Statute of Frauds, sec. 91; *Fansler* v. *Jones*, 7 Ind. 277; *Neill* v. *Keese*, 5 Texas, 23; *Champlin* v. *Champlin*, 136 Ill. 309.

Mr. George F. Westover, for the appellees.

Mr. Justice Craig delivered the opinion of the Court:

Katharine McDonald purchased the lot in question in her own name, and paid the purchase money from her own funds. The contract for a deed provided that the vendor should convey to Katharine McDonald, but when the last payment was made, at the request of Katharine McDonald the deed was made to Michael McDonald. As a general rule, where real property is purchased and paid for by one person and the legal title is taken in the name of another person, the parties being strangers to each other,—that is, not a wife or child, or person standing in that relation,—a resulting trust immediately arises from the transaction, and the person to whom the land is conveyed will hold it in trust for the one who paid the purchase money. (Perry on Trusts, sec. 126; *Donlin* v. *Bradley,* 119 Ill. 412; *Champlin* v. *Champlin,* 136 id. 312; *Harris* v. *McIntyre,* 118 id. 275.) The rule announced is well settled by the decisions of this court, and fully sustained by text writers and the decisions of other courts. Michael McDonald, at the time the deed was executed, was, in a legal sense, a stranger to Katharine McDonald. He was in no manner related to her, and no obligation rested upon her to support or provide for him. At the time of the pretended marriage in Fall River, Michael McDonald had a lawful wife residing in Wisconsin. He was never divorced from her, and the pretended marriage with Katharine was therefore void. Moreover, nothing occurred after the pretended marriage to render the cohabitation of the parties lawful. When, therefore, the deed was made, as Michael McDonald was a stranger to Katharine, no presumption could arise that the conveyance to him was intended as an advancement, but, on the other hand, as Katharine paid the purchase money and had the title placed in the name of a stranger, the presumption is that she intended the conveyance for her own benefit. Perry on Trusts, (sec. 143,) in speaking on this subject, says: "As before stated, if a purchaser of an estate pays the consideration

money and takes the title in the name of a stranger, the presumption is that he intended some benefit for himself, and a resulting trust arises for him; but if the purchaser take the conveyance in the name of a wife or child, or other person for whom he is under some natural, moral or legal obligation to provide, the presumption of a resulting trust is rebutted, and the contrary presumption arises."

No evidence whatever was introduced tending to prove any previous agreement between Katharine and Michael McDonald that the deed should be made to him, nor was there any evidence introduced tending to prove why the deed was made to him. Thus, from the evidence, as it appears in the record, the presumption is that she intended the conveyance for her own benefit. As she paid the purchase money and took the title in the name of a stranger, a resulting trust arose. As the property was never owned by Michael Carr, but was held by him in trust for Katharine McDonald, his children did not acquire title, by descent, upon his death, and complainant was not entitled to a decree.

The decree will be reversed and the cause remanded, with directions to the circuit court to enter a decree in favor of Katharine McDonald on her cross-bill.  *Decree reversed.*