KATHERINE F. COOLEY *vs.* GEORGE H. COOLEY & another.

Suffolk.    December 8, 1898. — January 9, 1899.

Present: FIELD, C. J., HOLMES, MORTON, BARKER, & HAMMOND, JJ.

*Deed taken in Names of Minor Children — Resulting Trust.*

Where, on a bill in equity for a conveyance, it appears that the plaintiff, who was a widow, did not intend, when the deed was taken in the name of her children, to make a gift or advancement to them, but intended that the beneficiary interest should be exclusively hers, she having paid the purchase money, and was very much surprised when told that the effect of what she had done might be to the contrary, the deed must be regarded as not intended as a gift or advancement, and there is a resulting trust in her favor.

BILL IN EQUITY, filed March 7, 1898, against George Henry Cooley and Lulu Josephine Cooley, minor children of the plaintiff, to establish a resulting trust in land in favor of the plaintiff.

Trial in the Superior Court, before *Braley,* J., who reported the case for the consideration of this court, in substance as follows.

The plaintiff, who was a widow, on January 17, 1898, purchased a lot of land, with a house thereon, situated in Boston,

for five thousand dollars, the bill alleging that " your complainant, being ignorant of the law, by a mistake, and believing that the property purchased by her would be within her own control and management, and that she could dispose of the same by deed or mortgage in the same way as if it had been conveyed to her in her own name, had the deed to said real estate made in the name of her said children." The evidence tended to show that the plaintiff, at the time the deed was taken in the name of her children, did not intend to make a gift or advancement to them, but intended that the beneficiary interest should be exclusively hers, and that she was very much surprised when she was told that the effect of what she had done might be to the contrary.

Such decree was to be entered as law and justice might require.

*L. C. Southard*, for the plaintiff.

*J. F. Kilton*, for the defendants.

HAMMOND, J. The general rule is, that, where upon a purchase of property the conveyance is taken in the name of one person while the purchase money is paid by another, the parties being strangers to each other, a resulting trust immediately is presumed in favor of the party paying the money. Perry on Trusts, § 126, and cases cited.

But in some cases where the parties are not strangers to each other, as in the case of a purchase by the husband in the name of his wife, or a father in the name of his child, the presumption is that there is no resulting trust, but that the transaction is in the nature of a gift or advancement. Perry on Trusts, § 143, and cases cited.

The authorities are somewhat in conflict as to whether, in the case of a purchase by a widow in the name of her minor child, the presumption is in favor of a resulting trust in favor of the mother, or a gift or advancement to the child. *Bennett* v. *Bennett*, 10 Ch. D. 474, 478. *Sayre* v. *Hughes*, L. R. 5 Eq. 376. Lewin on Trusts, (9th ed.) 187. *Batstone* v. *Salter*, L. R. 10 Ch. 431. *Murphy* v. *Nathans*, 46 Penn. St. 508.

But whatever may be the presumption it is liable to be rebutted by evidence.

We have examined the evidence in this case, and are of the

opinion that the plaintiff at the time the deed was taken in the name of her children did not intend to make a gift or advancement to them, but intended that the beneficiary interest should be exclusively hers, and that she was very much surprised when she was told that the effect of what she had done might be to the contrary. The deed was not intended as a gift or advancement, and there is a resulting trust in favor of the plaintiff.

*Decree for the plaintiff.*