RICHARD H. LUFKIN & others *vs.* MARY A. JAKEMAN.

ABBOTT W. LAWRENCE, administrator, *vs.* JOHN W. LUFKIN & others.

Suffolk.    April 4, 1905. — June 23, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Trust, Resulting.    Gift.    Limitations, Statute of.*

If a man buys and pays for a parcel of real estate and has it conveyed to a woman who is living with him as his housekeeper and whom he has agreed to marry as soon as his wife shall obtain a divorce from him, there is no presumption of a gift, and a resulting trust is created in favor of him who pays the purchase money, especially if the circumstances show that he does not intend to make a gift of the real estate to the person in whose name the title is taken.

In case of a resulting trust created by the payment of the purchase money for land the title of which is taken in the name of another person, the statute of limitations does not begin to run against the equitable owner until the holder of the title begins to hold adversely, and if nothing appears to the contrary the transaction itself implies a recognition of the rights of the equitable owner until repudiation.

If a man buys and pays for a parcel of real estate and causes the title to be taken in the name of another person a resulting trust is none the less created because the object of the purchaser in having the title put in the name of the other person is to defeat any possible claim of his wife to alimony, especially where the purchaser is not insolvent and his wife is not in fact defrauded, as the enforcement of the trust in no way depends on the fraudulent purpose and does not require its proof.

BILL IN EQUITY, filed in the Superior Court on May 11, 1904, and removed to and filed in the Supreme Judicial Court on July

26, 1904, by the children and only heirs at law of Richard Lufkin, late of Chelsea, against Mary Ann Jakeman, otherwise known as Mary Ann Lufkin, alleging herself to be the widow of Richard, to establish a resulting trust in certain real estate numbered 74 and 76 on Spencer Avenue in Chelsea.

ALSO AN APPEAL from a decree of the Probate Court for the county of Suffolk disallowing in the account of Abbott W. Lawrence, special administrator of the estate of Richard Lufkin, certain items relating to rents received from the real estate on Spencer Avenue mentioned above.

The suit in equity was referred to a master who found that Richard Lufkin bought the property in 1877 and caused the deed to be made to Mary Ann Jakeman, the defendant, that the defendant went to live with Richard Lufkin as his housekeeper in 1868, and soon after agreed to marry him when he was free from his former wife, that in 1890 there was a ceremony of marriage between them, and that in 1898 on the death of his former wife the defendant became his wife by virtue of St. 1895, c. 427, as amended by St. 1896, c. 499. See *Lufkin* v. *Lufkin*, 182 Mass. 476.

Both cases came on to be heard before *Hammond*, J., who at the request of the parties reserved them for determination by the full court, such decree to be entered as law and justice might require.

*W. O. Underwood & H. F. Knight*, for the children of Richard Lufkin.

*H. R. Bailey & D. F. Kimball*, for Mary Ann [Jakeman] Lufkin.

KNOWLTON, C. J. The first of these cases presents the question whether the plaintiffs are entitled to certain real estate under a resulting trust, as the heirs of their father, Richard Lufkin, or whether it belongs to the defendant, the holder of the legal title. The property was bought by Richard Lufkin in 1877 and paid for with his money, but the title was taken in the name of the defendant. Lufkin occupied it, erected valuable buildings upon it, received all the rents and profits, and paid all taxes upon it until his death in 1901. His purchase and payment created a resulting trust in his favor against the defendant, who held the title as trustee for his benefit. *Mc-*

*Donough* v. *O'Niel*, 113 Mass. 92, 95. *Bailey* v. *Hemenway*, 147 Mass. 326, 328. *Cooley* v. *Cooley*, 172 Mass. 476, 477. *Ward* v. *Ward*, 59 Conn. 188. The rule that, when the person paying the consideration for real estate is under a natural or legal obligation to provide for the person who takes the title, there is a presumption of a gift and no presumption of a resulting trust, does not affect the present case. The plaintiffs' intestate was under no such obligation to the defendant. See *Cooley* v. *Cooley*, 172 Mass. 476, 477 ; *Jaquith* v. *Massachusetts Baptist Convention*, 172 Mass. 439, 445. He was engaged to be married to her whenever his wife should obtain a divorce from him and leave him free to marry again. It has been decided that a relation of this kind will not take a case out of the ordinary rule that creates a resulting trust in favor of him who pays the purchase money. *Soar* v. *Foster*, 4 Kay & Johns. 152. *Ward* v. *Ward*, 59 Conn. 188. *Rider* v. *Kidder*, 10 Ves. 360. *Todd* v. *Moorhouse*, L. R. 19 Eq. 69. *In re De Visme*, 2 DeG., J. & S. 17. *Beecher* v. *Major*, 2 Dr. & Sm. 431.

Moreover, where there is a presumption of a gift, it may be rebutted by parol evidence. *Dana* v. *Dana*, 154 Mass. 491. *Cooley* v. *Cooley*, 172 Mass. 476. *Ward* v. *Ward*, 59 Conn. 188. In this case the evidence tends to disprove any presumption of a gift, and the master has found that the purpose of the intestate was not to make a gift to the defendant.

The next question is whether the suit is barred by the statute of limitations. The findings show that Lufkin was in possession and that there was no adverse holding by the defendant previous to his death. The rule is well settled that, against the beneficiary under an express trust, the statute of limitations does not run so long as there is no adverse holding or repudiation of the trust. *Carpenter* v. *Cushman*, 105 Mass. 417. *St. Paul's Church* v. *Attorney General*, 164 Mass. 188, 200. *Currier* v. *Studley*, 159 Mass. 17, 20. *Baxter* v. *Moses*, 77 Maine, 465, 478, 481. *Kane* v. *Bloodgood*, 7 Johns. Ch. 90, 114. In *Currier* v. *Studley*, *ubi supra*, in speaking of a resulting trust, it was said that if the rights of the *cestui que trust* are recognized at the time of the conveyance, the statute of limitations begins to run in favor of the holder of the legal title against the equitable owner when the holder of the title begins to hold ad-

versely. The late decisions generally hold that, if nothing appears to the contrary, the transaction itself implies a recognition of the rights of the equitable owner, and in this respect, until repudiation, a resulting trust is like an express trust. *Soar* v. *Ashwell*, [1893] 2 Q. B. 390. *St. Paul's Church* v. *Attorney General*, 164 Mass. 188. Wood, Lim. (3d ed.) § 219, and note. Perry, Trusts, (5th ed.) § 865, note. See also *Potter* v. *Kimball*, 186 Mass. 120 ; *Jones* v. *McDermott*, 114 Mass. 400.

The facts already referred to are sufficient to enable the plaintiffs to enforce their equitable right, unless another fact, found by the master but not referred to in the pleadings on either side, leaves them without a right to relief. In the master's report is this sentence : " I find that said Richard caused the title to the land in controversy to be put in the name of the defendant to defeat any possible claim of his wife to alimony ; that this was known to defendant; that there was no evidence that either his first wife or any other person was in fact defrauded or injured ; that said Richard was not insolvent at the time, and ruled that the said purpose of said Richard would not defeat the right of his children and heirs at law to maintain this bill." It is contended that the resulting trust is so far a creature of Lufkin's fraud that a court of equity cannot enforce it.

The plaintiffs' case depends upon the averment that their father paid the entire consideration for the property included in the deed to the defendant, and that the purchase was his. Proof of these averments, without more, establishes their case. This is because a resulting trust arises from such facts by implication of law. His fraudulent purpose in reference to the claim of his wife for alimony does not appear in the statement or in the proof of the plaintiffs' case, unless the parties go outside of that which is necessary to establish *prima facie* a right to relief. If the fraudulent purpose is introduced, it is to change the rights which the law would otherwise give as the result of such a transaction. Now the fraudulent purpose referred to was only in reference to a person in the position of a creditor. The defendant does not represent the rights of this person. No attempt has ever been made by this person to obtain any interest in the property. The rights which she once had are entirely immaterial in this suit.

A conveyance fraudulent as against creditors is good as between the parties. Neither party, as against the other, can set up a fraud of this kind. *Clapp* v. *Tirrell*, 20 Pick. 247, 250. *Dyer* v. *Homer*, 22 Pick. 253. *Wall* v. *Provident Institution for Savings*, 3 Allen, 96. *Harvey* v. *Varney*, 98 Mass. 118. *Stillings* v. *Turner*, 153 Mass. 534. *Lawton* v. *Estes*, 167 Mass. 181. *Pierce* v. *Le Monier*, 172 Mass. 508, 512. Neither party can change the effect of the conveyance, as between themselves, by appealing to the purpose of either in reference to creditors. The plaintiffs do not attempt to change the effect of this conveyance. They stand upon it as it was made, with the implication of law that accompanies it. They did not seek to introduce the question of fraud, or to ask for any relief which is founded upon the fraud. The defendant attempts to set up the fraud against a creditor to deprive the plaintiffs of the rights which they have under the law. The rule is that neither party can obtain any aid from a court in the execution of a fraudulent scheme, or in the enforcement of an executory contract which rests directly and solely upon a fraud. In such cases the law leaves the parties where their fraudulent undertaking placed them. In the present case, if the resulting trust was directly the creature of the fraud, and rested upon that, independently and alone, a court of equity might decline to enforce it. But as between these parties, the present action is complete and perfect, without the introduction of any element of fraud. Their arrangement raises the question whether a common transaction, the legal effect of which as between themselves is plain, shall lose its character in any particular because one of the parties, in making the arrangement, acted, with the knowledge of the other, from a motive which was fraudulent as against a third person. The decisions in this Commonwealth, like those in several other States, hold that if a plaintiff can show a *prima facie* right to recover on the face of the contract, without developing the fraud in the transaction, the court will not permit the defendant to set up his own fraud, or fraud against a third person, as a defence. See 14 Am. & Eng. Encyc. of Law, (2d ed.) 277, and notes. See also the discussion by Mr. Justice Foster in *Harvey* v. *Varney*, 98 Mass. 118.

We are of opinion that the ordinary rights resulting from the

transaction between the parties were created in this case, and that the defendant cannot deprive the plaintiffs of the beneficial ownership which resulted to their father, on the ground that an inducement to the particular transaction was a purpose thereby to defraud a third person.

The second case is an appeal from a decree of the Probate Court, disallowing certain items in the account of the special administrator of the estate of Richard Lufkin. The special administrator was authorized, under the statute, to take charge of all the real estate of the deceased, and the items in question relate to rents received and expenses incurred in the management of the property which we have been considering. For the reasons given in the other case, the property belonged to the intestate, and it was the duty of the special administrator to take charge of it. In the first case there should be a decree for the plaintiffs, and in the second the decree of the Probate Court should be reversed, and the accounts should be allowed.

*So ordered.*