KARL A. BOHAKER *vs.* MARGERY A. KOUDELKA, individually and as executrix.

Barnstable.    May 5, 1955. — September 19, 1955.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Trust,* Resulting trust. *Gift. Fraudulent Conveyance. Equity Jurisdiction,* Plaintiff's clean hands, Fraudulent conveyance.

Payment of the entire purchase price of land by one who upon conveyance caused the title thereto to be taken in the name of another person, but who had no intention to give the land to the grantee, gave rise to a resulting trust in the land in the payer's favor at the time of the conveyance.  [142]

Where one paid the purchase price of land and caused title thereto to be taken in the name of a woman who was not his wife, although they . lived together as husband and wife, no presumption arose that he intended to make a gift of the land to her.  [142]

In a suit in equity in the Probate Court against the devisee under and executrix of a will to establish a resulting trust in real estate standing in the testatrix's name, the petitioner, by proof that on a purchase of the property he paid the entire consideration and caused title to be taken in the name of the testatrix, made out his case without reference to the fact that he caused title to be taken in her name in order to keep the property free from any claim or interference by his wife and, notwithstanding that fact, was entitled to a decree ordering the respondent to convey the property to him.  [142–143]

PETITION, filed in the Probate Court for the county of Barnstable on January 26, 1954.

The case was heard by *Sparrow,* J.

In this court the case was submitted on briefs.

*Frederick J. Smith,* for the respondent.

*George M. Poland & Herbert E. Hunziker,* for the petitioner.

SPALDING, J.   By this petition in equity under G. L. (Ter. Ed.) c. 215, § 6, as appearing in St. 1937, c. 257, the petitioner seeks to establish a resulting trust with respect to a parcel of real estate in Sandwich, the record title of which stands in the name of Ettie Mary Bohaker, late of Sandwich.

By her will, which was duly probated, Ettie, hereinafter called the testatrix, named her daughter (the respondent) as executrix and gave all of her property to her. This petition is brought against the respondent individually and as executrix. The judge entered a decree that the respondent held the real estate in question on a resulting trust for the petitioner and ordered the respondent to convey the property to him. From this decree the respondent appealed. The evidence is reported and the judge made a report of the material facts.

Findings of the judge include the following: On March 31, 1925, the petitioner, a dentist practising and residing in Falmouth in this Commonwealth, obtained a decree of divorce from his wife, Lulu, also a resident of this Commonwealth, in Yucatan, Mexico. While there he went through a marriage ceremony on April 9 with the testatrix. "No notice of the divorce proceedings was served on the wife, Lulu, in Falmouth and there was no pretence of acquiring domicile or any basis for jurisdiction in Mexico. . . . He went to Mexico for the purpose of divorcing . . . Lulu, and marrying Ettie, intending to return thereafter to Massachusetts, and did in fact so return in April 1925. The court finds and rules that the decree of divorce and the ensuing marriage were and are void in this Commonwealth." Shortly after the proceedings in Mexico the petitioner and the testatrix returned to this Commonwealth and lived here together as husband and wife down to the time of the latter's death in 1953.

In 1937 the petitioner contracted to buy the property in question from one Jones and others for $1,000. The petitioner paid the consideration and received a deed of the property dated March 24, 1938. In 1940 a corrective deed of the same property was delivered to the petitioner by two of the original grantors. Both deeds were duly recorded. The petitioner "caused the title to be taken in the name of the testatrix to keep the land free from any claim or interference by his wife, Lulu, and to avoid any necessity of her releasing dower if he wished to convey the land. He did

not mean to make a gift of it to the testatrix, and she never did anything to assert ownership of the property adverse to the petitioner."[1]

In 1940 the petitioner proceeded to improve the property by building a house upon it. To finance its construction a mortgage loan of $6,500 was obtained from a bank and a joint and several mortgage note was signed by the petitioner and the testatrix. Amounts in excess of the loan to finance the construction of the house were supplied by the petitioner. All payments on the mortgage note were made by the petitioner and when the petition was filed all but $250 had been paid. "The petitioner advanced all the money for the acquisition and improvement of the property, the total being more than $13,000."[2]

On the crucial issue as to whether there was a gift of the property to the testatrix or a resulting trust in favor of the petitioner there was evidence which supported the finding of the trial judge that there was a resulting trust. The respondent's position appears to be that this finding was plainly wrong inasmuch as it was based solely on the testimony of the petitioner and his attorney. But interest, bias, and credibility of witnesses are matters peculiarly for the trial judge to determine. It is only in very clear and exceptional cases — and this is not one of them — that this court will revise the findings of a trial judge based on conflicting oral testimony. *Spiegel* v. *Beacon Participations, Inc.* 297 Mass. 398, 407–408. *Mendelsohn* v. *Leather Manuf. Corp.* 326 Mass. 226, 237.

---

[1] In 1940 the petitioner accompanied by the testatrix consulted counsel about his rights in the property "if anything happened" to the testatrix. As a result of this conference the testatrix executed a quitclaim deed of the property to the petitioner. The deed, which was given to the petitioner's attorney to keep for him, was not dated; nor was it ever acknowledged or recorded. The petition does not allege, nor does the petitioner argue, that this deed gave the petitioner title to the property. The trial judge made no finding or ruling as to the effect of this deed. The case was tried below and was argued in this court on the basis that the petitioner's rights to the property arose from a resulting trust. We shall therefore deal with the case on that footing.

[2] "The decree," as the judge stated in his findings, "provides for a conveyance by the respondent subject to all encumbrances of record and the estate of the testatrix will not be called upon to pay the balance."

According to the judge's findings the petitioner paid the purchase price of the property, and, although he caused the title to be taken in the name of the testatrix he did not intend to give it to her. On these facts the petitioner had a beneficial interest in the property by way of a resulting trust. *Druker* v. *Druker*, 308 Mass. 229, 230, and cases cited. *Collins* v. *Curtin*, 325 Mass. 123, 125. Scott on Trusts, § 440. Restatement: Trusts, § 440. It is immaterial whether the testatrix contributed to the cost of the house. A resulting trust must arise, if at all, at the time of the conveyance, and subsequent payments cannot create one unless — as is not the case here — they were the contemplated consideration for the conveyance. *Saulnier* v. *Saulnier*, 328 Mass. 238, 240, and cases cited.

The rule that, when the person paying the consideration for real estate is under a natural or legal obligation to provide for the person who takes the title, there is a presumption of a gift and no presumption of a resulting trust, is not applicable here. The presumption of gift does not arise when the transferee is not legally married to the purchaser, even though they live together as husband and wife. *McDonald* v. *Carr*, 150 Ill. 204, 207. *Orth* v. *Wood*, 354 Pa. 121, 122–123. Restatement: Trusts, § 442, comment a. See *Lufkin* v. *Jakeman*, 188 Mass. 528; 31 A. L. R. (2d) 1286–1290. The judge ruled — and this ruling was amply justified by the evidence and the subsidiary findings — that the petitioner's purported divorce from Lulu in Mexico was void and that his subsequent marriage there to the testatrix was likewise void. See *Bergeron* v. *Bergeron*, 287 Mass. 524, 528–529. Moreover the rule just stated is merely a presumption which may be rebutted by evidence. *Lufkin* v. *Jakeman*, 188 Mass. 528, 530. *O'Brien* v. *O'Brien*, 256 Mass. 308. Restatement: Trusts, § 443, comment a. In this case the evidence tended to show that no gift was intended and the judge found in accordance with this evidence.

The respondent further argues that the petitioner is not entitled to relief because the conveyance to the testatrix was

a fraud on his legal wife, Lulu, and hence he does not come into court with clean hands. It is true that the judge found that the petitioner caused the property to be conveyed to the testatrix to keep the land free from any claim or interference by Lulu. We assume that as to her the conveyance was fraudulent. *Shepherd* v. *Shepherd,* 196 Mass. 179. *Doane* v. *Doane,* 238 Mass. 106. However, since no rights of Lulu are involved in this suit, the petitioner can prevail if he can make out his case without reference to the fraudulent elements in the facts. *Lufkin* v. *Jakeman,* 188 Mass. 528, 531–533. *O'Gasapian* v. *Danielson,* 284 Mass. 27, 34. *Charest* v. *St. Onge,* 332 Mass. 628, 635. In his petition he averred that he paid the entire consideration for the property and caused title to be taken in the name of the testatrix. By proof of these averments, without more, he established his case. The petitioner is not attempting to enforce an express agreement which discloses on its face the fraud in the transaction as in *Caines* v. *Sawyer,* 248 Mass. 368, 374, on which the respondent relies.

The case at bar closely resembles *Lufkin* v. *Jakeman,* 188 Mass. 528. In that case one Lufkin purchased a parcel of real estate and caused the title to be taken in the name of the defendant. His heirs brought a suit to establish a resulting trust in the property. It was found that Lufkin's reason for having the conveyance made to the defendant was to defeat any possible claim of his wife to alimony. It was held, nevertheless, that since the plaintiffs could establish their case without developing the fraud in the transaction they were entitled to prevail and that the defendant could not avoid the legal consequences of the conveyance by setting up a fraud against the wife as a defence. The case of *Gerace* v. *Gerace,* 301 Mass. 14, is to the same effect. In our opinion these cases are controlling here, and the entry must be

*Decree affirmed.*