JACK E. KENYON *vs.* ORA A. ANDREWS. April 3, 1964. Interlocutory decree and final decree affirmed with costs of appeal. Kenyon, who became a licensed insurance broker in December, 1960, seeks equitable relief, including an accounting, against Andrews, who for some time had been a licensed broker. A master, whose report was confirmed by interlocutory decree, found the following facts among others. Kenyon and Andrews began an insurance business on January 1, 1960. Andrews incurred all the expenses of three offices and paid Kenyon $100 a week. In October, 1960, Kenyon and Andrews arranged to terminate their association at the end of 1960. The parties effected a settlement of various accounts early in 1961 on terms which included retention by Kenyon of the commissions on certain policies and payment of the balance of the premiums to Andrews. The subsidiary findings justified the master's conclusions (1) as to the terms of the settlement apparently fully executed with respect to various payments and executory with respect to certain insurance accounts, furniture, and an automobile and (2) that a partnership between Kenyon and Andrews had terminated on December 31, 1960. The final decree properly enjoined Andrews from making statements concerning Kenyon which were inconsistent with the terms of the settlement and awarded nominal damages for past statements. Kenyon is not barred by illegality from obtaining the other relief granted, which is based upon the settlement arrangements (cf. *Hawes Elec. Co.* v. *Angell,* 332 Mass. 190, 192; *Buccella* v. *Schuster,* 340 Mass. 323, 325–326; cf. also *Bohaker* v. *Koudelka,* 333 Mass. 139, 143) and not upon the partnership which Andrews contends was illegal. See G. L. (Ter. Ed.) c. 175, §§ 166, 173 (as amended through St. 1946, c. 299).

*Charles Sallet,* for the defendant, submitted a brief.

No argument or brief for the plaintiff.