Will Flowers, Appellant, v. Clifton Anderson, Executor of the Estate of Janie Williams, Deceased, Charles Anderson, Sr., et al., Chicago Title & Trust Company, a Corporation, and "Unknown Owners," Appellees.

Gen. No. 49,152.

First District, First Division.

April 13, 1964.

Samuel S. Siegel, of Chicago, for appellant.

Whitman and Goodman, of Chicago (M. Leonard Goodman, of counsel), for certain appellees.

MR. JUSTICE BURMAN delivered the opinion of the court.

The plaintiff brings this appeal from an order of the Circuit Court allowing defendants' motion to strike and dismiss plaintiff's amended complaint, and dismissing said cause. The plaintiff filed suit in equity against the Executor of the Estate of Janie Williams, decedent, as well as against her heirs, legatees, devisees and other parties claiming his paramount rights in two parcels of real estate and a savings account which were in the name of the decedent at the time of her death.

The defendants' motion to dismiss was based upon their contention that the suit was barred by the Statute of Limitations provisions contained in chapter 83, secs 24d and 24e of the Illinois Revised Statutes as effectuated by sec 204 of the Probate Act, chapter 3, sec 204 of the Illinois Revised Statutes. These sections relate to the time limitations placed upon the bringing of actions in relation to fraudulent wills and testaments (sec 24d) and actions against the executors, administrators, heirs, devisees and legatees of a deceased person to enforce a contract to make a will (24e). The plaintiff admits that any part of his complaint which is directed towards either of these issues is barred by the sections of chapter 83 relied upon by the defendants. Plaintiff, however, contends that his amended complaint alleged other facts which if sustained by the evidence are sufficient to make out the presence of a resulting or a constructive trust in his favor. The imposition of such a trust would not be barred by the limitation provisions which defendants cite.

16

Plaintiff's amended complaint is in two counts. The allegations contained in paragraphs 1 to 7 of Count I are those which concern themselves with the facts upon which the imposition of a trust is urged; these paragraphs may be summarized as follows:

That from January of 1946 to October 25, 1959, the plaintiff was continuously associated with Janie Mae Williams; that she executed a Will on August 27, 1959, which is being probated and that an inventory was filed in the estate listing among her assets certain real estate and personal property.

Plaintiff further alleges that he and Janie entered into "an exclusively close social and economic relationship" from January 1, 1946, to the date of her death; that during those years, at her request, he shared in her personal life, including consortium, as well as his earnings "to the same degree, and in every aspect, which a legally wedded and devoted husband would share"; that during this period he turned over most of his earnings to her with the understanding and agreement that it would be used for their joint benefits, including investment in real estate; that pursuant to this arrangement certain real estate which is described was purchased with their joint monies; that decedent induced him to remain in the background when making the purchases; that during this period he contributed large sums of money toward mortgage payments, maintenance, taxes, repairs and increasing their equities in the real estate; that in addition he turned over to her sums of monies to be deposited in savings accounts including the Drexel National Bank savings account No. 45322, which he permitted her to register under her name, but with the "express agreement and understanding that same imposed a trust upon her for his benefit"; that a trust was also created with regard to the real estate with himself as beneficiary. In paragraph 8 plaintiff alleges that as a special inducement for his compan-

17

ionship, nursing, consortium, etc., the decedent agreed and promised on several occasions that she would provide in her Will that all of her assets would be left to him. In paragraphs 9, 10 and 11, he alleges that in direct violation of her agreement she appointed Clifton Anderson, one of the defendants, as Executor, and bequeathed and devised her property to other defendants and fraudulently deprived him of her assets contrary to their agreement. Paragraphs 12, 13, 14 and 15, merely set out and identify the party defendants and are not pertinent to this appeal.

In Count II of the amended complaint, plaintiff re-alleged all of the allegations of Count I, and in substance we see no difference between the counts. The prayers for relief as to which both counts of the amended complaint were dismissed for want of equity are, (a) that the executor as well as the principal defendants be compelled by a decree to specifically perform the contracts and agreements of the deceased; (b) that the court may decree a resulting trust for plaintiff's benefit in the real estate and monetary assets of the deceased and other general relief.

The original complaint was filed on December 21, 1960. The record shows that on May 5, 1961, an order was entered by Judge Daniel Roberts, dismissing with prejudice defendant, Clifton Anderson, Executor of the Estate of Janie Williams, deceased. On October 11, 1961, on motions of defendants, Andrew Pittroff and Anna Pittroff, an order was entered by Judge Tucker, dismissing them as defendants, conditioned upon their conveying title to one of the parcels of real estate as the court will direct.

The amended complaint which was set out in condensed form above was filed on December 6, 1962. The remaining defendants, as heirs and legatees under the Will moved to strike the original complaint and

18

amended complaint on the grounds that the suit was barred against them under chapter 83, §§ 24d and 24e of the Illinois Revised Statutes by reason of the fact that Janie Williams died on October 25, 1959; the letters testamentary were issued to the Executor on November 19, 1959, and the lawsuit was filed by plaintiff on December 21, 1960, more than nine months after the issuance of letters testamentary. On December 6, 1962, on motion of the defendants, and after hearing argument by the respective attorneys, the Chancellor, by order of Court, sustained the plea of the Statute of Limitations, struck the amended complaint and dismissed the cause.

It is an uncontroverted fact that plaintiff commenced this action after the time permitted by the statute, to enforce either a contract to make a will or a claim against the estate, and we agree with the Chancellor that all reference to either of these actions in the amended complaint are barred by the statutes under §§ 24d and 24e and were properly stricken and dismissed.

There are, however, allegations in the complaint seeking to enforce an alleged resulting and possibly a constructive trust which if proven would not be barred by §§ 24d and 24e. A resulting trust is created by operation of law, arising from the presumed intent of the parties, West v. Scott, 6 Ill2d 167, 128 NE2d 734. The rule is that if real estate is purchased with the funds of one person while the title is taken in the name of another, the title will be held subject to a resulting trust in favor of the party furnishing the money. Frasier v. Finlay, 375 Ill 78, 30 NE2d 613. Also see Scott on Trusts § 404 and for a rationale of the concept, § 440.4. This rule is applicable whether the party seeking to impose the trust furnished all of the money used to purchase the property or only an aliquot part thereof. Hanley v. Hanley, 14

Ill2d 566, 152 NE2d 879. The burden of proving a resulting trust is on the party who seeks its establishment. Wright v. Wright, 2 Ill2d 246, 118 NE2d 280. Actions to establish a resulting or constructive trust are generally subject to limitation or laches after the lapse of five years without action. Anderson v. Lybeck, 15 Ill2d 227, 154 NE2d 259.

The fact situation indicated by the pleadings at bar is not a new one. In Albae v. Harbin, 249 Ala 201, 30 So2d 459 the appeal was based upon a final decree of the equity court which established a resulting trust in two parcels of land. In its decree the trial court found, "that the title to the real estate . . . was taken in the name of John S. Deloney, now deceased, but that the complainant Clara Stout Harbin paid the entire purchase money for said property and is entitled in equity to have the title to said property invested in her."

In that case the complainant, a single woman, had lived with the deceased, a married man separated from his family, at the time the property was purchased. The Supreme Court of Alabama, in affirming the decree of the Chancellor, rejected appellant's argument that the taking of the property in the name of the decedent was conclusive evidence of the party's intention. The Court said:

> In cases of this kind the deed is always to another and indicates that the grantee therein is the purchaser. If the deed and its recitals must control as against testimony that the purchase was for another who paid the purchase price, then in many instances proof of the truth would be cut off and the doctrine of resulting trusts substantially destroyed.

The only apparent differences between the Albae case and the case at bar are that here the sexes have been

20

reversed and the plaintiff does not allege that he contributed the entire sum of money which was used to purchase the properties and which constituted the bank balance. The second is surely the only important difference and in cases where the meretricious partners each contributed to the accumulation of the disputed assets, courts have imposed a trust in proportion to the amount contributed and ordered a partition or a division of the assets. Williams v. Bullington, 159 Fla 618, 32 So2d 273.

Although there is no Illinois case exactly in point, the case of McDonald v. Carr, 150 Ill 204, 37 NE 225 appears to support the position we here take. In McDonald the plaintiff, Catherine McDonald and Michael McDonald were not legally married. There was no controversy that Catherine furnished the entire consideration for the property in question, however, she instructed the seller to make the transfer in McDonald's name. The Court held that as she paid the purchase money and took the title in the name of a legal stranger, a resulting trust arose in her behalf.

In our opinion the statements in the pleadings alleging grounds for a constructive or resulting trust, present a cause which appeals strongly of equity and a trial should be had on the merits; the rights of the parties being determined after the hearing of evidence and not on a motion to dismiss. The ruling should have been that the complaint is defective and leave to amend should have been granted. This cause is therefore remanded to the trial court with instructions to set aside the dismissal of the cause and to proceed in a manner not inconsistent with the views expressed herein.

Reversed and remanded.

KLUCZYNSKI, J., concurs.

21

MURPHY, P. J., dissenting.

I believe that the order of the trial court should be affirmed, as the record indicates, without contradiction, that the property in question was properly inventoried in the estate of the decedent within nine months from the issuance of letters.

It is my opinion that, in the absence of fraud by anyone other than by the decedent, the instant claim of a constructive or resulting trust comes within the provisions of section 204 of the Probate Act (Ill Rev Stats 1961, c 3, § 204). As neither a summons was served on the executor, nor a claim filed in the Probate Court "within 9 months from the issuance of letters," it is barred as to the estate, real or personal, "inventoried within 9 months from the issuance of letters." Ill Rev Stats 1961, c 83, §§ 24d and 24e; Bosnak v. Murphy, 28 Ill App2d 110, 170 NE2d 640 (1960).